IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SAMUEL C. HARDING, # B-78324, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 16-cv-083-SMY |
| ) | |
| JOHN R. BALWIN, ) | |
| and WARDEN STEPHEN DUNCAN, ) | |
| ) | |
| Defendants. ) | |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff, currently incarcerated at Robinson Correctional Center ("Robinson"), has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that while he was incarcerated at Lawrence Correctional Center ("Lawrence"), he was subjected to a humiliating strip search, an intrusive and painful body cavity search and excessive force by members of the Orange Crush tactical team. The Complaint is now before the Court for a preliminary review pursuant to 28 U.S.C. § 1915A.

Under § 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). The Court must dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b). An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that "no reasonable person could suppose to have any merit." *Lee v. Clinton*, 209 F.3d 1025, 1026-27 (7th Cir. 2000).

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a pro se complaint are to be liberally construed. *See Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011); *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Applying these standards, the Court finds that Plaintiff's claims survive threshold review under § 1915A.

## The Complaint

On July 7, 2014, the date of the strip search and other events, Lawrence was on lockdown because of a disturbance in the dining hall that had taken place two weeks earlier. Plaintiff's cell house was peaceful at the time. At about 11:30 a.m., 48 members of the tactical team entered Plaintiff's wing, yelling and banging their sticks against the cell doors. None of the officers wore name tags or badges.

Plaintiff was ordered to remove all his clothing. The officer[1] conducting the search made derogatory comments to Plaintiff about his sexual orientation and pubic hair. The officer ordered Plaintiff to bend over, squat and "open his 'asshole'" (Doc. 1, p. 8). When Plaintiff complied, the officer pressed his stick against Plaintiff's buttock and then said that Plaintiff had something stashed in his anus. Plaintiff protested that he had nothing inside of him. However, the officer made Plaintiff bend over the bed. He then forced his finger into Plaintiff's anus, causing him pain. Nothing was found. The officer ordered Plaintiff to put on some clothing and lower his chin to his chest. Plaintiff was put into restraints.

After being removed from the cell, Plaintiff heard calls for help and looked up to see what was happening. The officer slammed Plaintiff's head down onto his chest and then struck Plaintiff on the back of the neck. This blow caused Plaintiff to move out of the line of prisoners, so the officer hit Plaintiff in the side with his stick (Doc. 1, p. 9). He then shoved Plaintiff's head into the back of the inmate in front of him. Another officer shoved the head of the man behind Plaintiff into Plaintiff's back. All the while, each inmate's hands were cuffed behind him. The men were squeezed together so that Plaintiff's penis was pressed against the hands of the inmate in front of him and his hands were in contact with the genitals of the man behind him. When Plaintiff complained to the officers, one of them hit Plaintiff and told him that "If you do not have a dick and nuts in your hand you are not in line right" (Doc. 1, p. 10).

The inmates were taken to the dining hall. Plaintiff was made to sit with his chin lowered to his chest which caused pain to his neck, lower back, side and shoulders. Plaintiff asked the officers for his medicine and back brace and asked to use the bathroom, but these requests were

---

[1] Plaintiff refers to this officer and other Orange Crush tactical team members as "John Does" because they wore no identification. Although Plaintiff did not include the John Does in his list of Defendants, he clearly intended to assert a claim against the unknown parties whose conduct gave rise to his claims (Doc. 1, p. 5). Therefore, the Clerk shall be directed to add "John Does/Orange Crush Tactical Team" as parties to this action.

denied. Plaintiff urinated on himself twice and was forced to sit in his urine-soaked clothes for the next three hours (Doc. 1, p. 10). Defendant Warden Duncan was present during these events, as were Warden Moore and Lt. Freeman (who are not named as Defendants). Plaintiff called out to Warden Moore for help, but was ignored.

Plaintiff made written requests for medical care and mental health assistance. He was never called out for medical care. Some time later, he was summoned to mental health. He told Mrs. Davis what happened on July 7, 2014 and disclosed that he was thinking about suicide. She said she would send Plaintiff some information on sex abuse, but he never got it (Doc. 1, p. 12). Plaintiff later called the PREA Report line and submitted six affidavits from other inmates. He does not mention receiving any response.

Plaintiff seeks compensatory and punitive damages as well as injunctive relief to change the way the IDOC conducts strip searches and operates the tactical team.

## Merits Review Pursuant to 28 U.S.C. § 1915A

The Court will begin with a preliminary note concerning the handling of Orange Crush cases in the Southern District of Illinois. Plaintiff's Complaint raises allegations similar to the pleading in *Ross v. Gossett*, Case No. 15-cv-309-SMY-SCW, which was filed in this Court on March 19, 2015. The plaintiff in *Ross* is seeking injunctive relief and damages on behalf of himself and a class of prisoners who were subjected to similar strip searches while incarcerated at Illinois prisons during 2014. Should the *Ross* class be certified, Plaintiff could potentially be a member of that class. With this in mind, the Court will evaluate Plaintiff's Complaint pursuant to 28 U.S.C. § 1915A.

Based on the allegations of the Complaint and Plaintiff's articulation of his claims, the Court finds it convenient to divide the *pro se* action into the following counts. The parties and

the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit. Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice.

> **Count 1:** Eighth Amendment claim against all Defendants, for subjecting Plaintiff to a humiliating and intrusive strip search and body cavity search during the shakedown on July 7, 2014, and forcing him to come into contact with the genitals of other prisoner(s) and to place his genitals against the hands of other prisoner(s), and/or failing to intervene to stop these actions;
>
> **Count 2:** Eighth Amendment claim against all Defendants, for using excessive force against Plaintiff when John Doe Orange Crush officers struck and shoved Plaintiff and forced him to sit in a stress position for hours, and/or failing to intervene to stop these actions;
>
> **Count 3:** Eighth Amendment claim against all Defendants, for denying Plaintiff access to the bathroom, and forcing him to sit in his own urine for hours, and/or failing to intervene to stop these actions.

Given the similarity between Plaintiff's Complaint and the Complaint in *Ross*, the fact that the Complaint in *Ross* was permitted through screening and the fact that a motion to dismiss was denied in *Ross* (as to Counts 1, 2, 3, and 5 in that case) (*see Ross v. Gossett*, Case No. 15-cv-309-SMY-SCW, Doc. 76), the Court is of the opinion that Counts 1 and 2 herein cannot be dismissed in this case at this time.

Count 3 may also proceed for further review. The lack of access to toilet facilities for a relatively short period of time may not be sufficiently serious to state a claim of constitutional dimension. *See, e.g., Clark v. Spey*, No. 01-C-9669, 2002 WL 31133198 at *2-3 (N.D. Ill. Sept. 26, 2002) (inmate held in cold cell with no toilet for several hours overnight failed to state a claim); *Ledbetter v. City of Topeka, Kansas*, 318 F.3d 1183, 1188 (10th Cir. 2003) (pretrial detainee held for five hours in cell lacking a toilet did not state claim for cruel and unusual punishment). However, denying bathroom access to an inmate who has no alternative but to

urinate on himself, and then making him sit in his urine-soaked clothes for three hours, suggests an Eighth Amendment violation. *See Thomas v. Illinois*, 697 F.3d 612, 614-15 (7th Cir. 2012) (depending on severity, duration, nature of the risk, and susceptibility of the inmate, prison conditions may violate the Eighth Amendment if they caused either physical, psychological, or probabilistic harm). At this juncture, the claim in Count 3 survives review under § 1915A.

One final note concerning identifying individual members of the Orange Crush Tactical Team: these individuals must be identified with particularity before service of the Complaint can be made. Where a prisoner's complaint states specific allegations describing the conduct of unknown corrections officers sufficient to raise a constitutional claim against them, the prisoner should have the opportunity to engage in limited discovery in order to ascertain the identity of those defendants. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 832 (7th Cir. 2009). In this case, guidelines for discovery aimed at identifying the unknown parties will be set by the magistrate judge. Once the unknown parties are identified, Plaintiff shall file a motion to substitute the named individuals in their place.

### Pending Motion

Plaintiff's motion for recruitment of counsel (Doc. 3) shall be referred to the United States Magistrate Judge for further consideration.

### Disposition

The Clerk is **DIRECTED** to add "John Does/Orange Crush Tactical Team" as parties to this action.

**IT IS ORDERED** that Plaintiff my Proceed on **COUNTS 1, 2, and 3**, against Defendants **BALWIN, DUNCAN**, and the **JOHN DOES/ORANGE CRUSH TACTICAL TEAM**.

**IT IS FURTHER ORDERED** that this case shall be **CONSOLIDATED** with *Ross v. Gossett*, Case No. 15-cv-309-SMY-SCW for all further proceedings. *Ross v. Gossett* shall be the lead case. All future pleadings shall be filed in *Ross v. Gossett* and contain case number 15-cv-309-SMY-SCW. The Clerk of Court is **DIRECTED** to let the record in *Ross v. Gossett* reflect this consolidation.

The Clerk of Court shall prepare for Defendants **BALWIN** and **DUNCAN**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, a copy of this Memorandum and Order, and a copy of the complaint in *Ross v. Gossett*, Case No. 15-cv-309-SMY-SCW to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

Service shall not be made on the **JOHN DOES/ORANGE CRUSH TACTICAL TEAM** until such time as Plaintiff has identified specific team members by name in a properly filed motion for substitution. Plaintiff is **ADVISED** that it is Plaintiff's responsibility to provide the Court with the name and service address for these individuals.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file

or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint **in *Ross v. Gossett*, Case No. 15-cv-309-SMY-SCW** and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to **United States Magistrate Judge Stephen c. Williams** for further pre-trial proceedings, which shall include a determination on the pending motion for recruitment of counsel (Doc. 3).

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Williams for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not

independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: May 13, 2016**

                                              s/ STACI M. YANDLE
                                              United States District Judge